Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Adam Kraut, Esq.
Attorney Id. No. 318482
AKraut@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 313-0416 (t)
(610) 845-3903 (f)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **VAHAN KELERCHIAN** | : | |
| | : | |
| **Plaintiff** | : | Civil Action No. _____ |
| | : | |
| **v.** | : | |
| | : | |
| **BUREAU OF ALCOHOL, TOBACCO,** | : | |
| **FIREARMS AND EXPLOSIVES,** an agency | : | |
| of the Department of Justice | : | |
| | : | |
| **REGINA LOMBARDO,** Acting Director | : | |
| Bureau of Alcohol, Tobacco, Firearms, and | : | |
| Explosives | : | |
| | : | Complaint – Violations of the |
| **WILLIAM BARR,** Attorney General of the | : | 18 U.S.C. § 925 and the APA |
| United States | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendants** | : | |

**COMPLAINT**

COMES NOW, Plaintiff Vahan Kelerchian, by and through his attorneys, Joshua Prince,

Esq. and Adam Kraut, Esq., of Prince Law Offices, P.C., and complain of Defendants as follows:

## INTRODUCTION

1.     This is an action challenging the Bureau of Alcohol, Tobacco, Firearms and Explosives'
("ATF") implementation and enforcement of an unwritten policy that is contrary to the
statutory language found in 18 U.S.C. § 925(c) and its own promulgated regulations
found in 27 C.F.R. § 478.144(i).

2.     Specifically, ATF takes the absurd position that where a licensed dealer, incurs
disabilities under the Gun Control Act ("GCA"), 18 U.S.C. § 921, *et seq*., and timely
makes and files an application for relief from those disabilities, ATF may ignore it and
revoke the license, even though the Congress explicitly declared that a "licensed dealer
… conducting operations under this chapter, who makes application for relief from the
disabilities incurred under this chapter, shall not be barred by such disability from further
operations under his license pending final action on an application for relief filed
pursuant to this section." 18 U.S.C. § 925(c).

3.     Furthermore, ATF's own promulgated regulation declares that where the licensed dealer
timely files an application for relief, "the licensee may further continue licensed
operations during the pendency of the application" and that "[i]n the event the term of a
license of a person expires … during the pendency of the application for relief, a timely
application for renewal of the license must be filed in order to continue licensed
operations." 27 C.F.R. § 478.144(i).

4.     In absolute and direct defiance of the Congress' mandate and ATF's own regulation, ATF
has informed the undersigned counsel for Plaintiff that regardless of the fact that he has
made and filed an application for relief of disabilities, based on an "internal policy," it
intends to revoke his license and contend that the firearms held pursuant to the license are

contraband and subject to forfeiture, in the absence of a determination on his application for relief, if the U.S. Supreme Court denies his petition for certiorari.

5.      Accordingly, the declaratory, emergency and permanent injunctive, and other relief requested herein is necessary to prevent the implementation or enforcement of ATF's defiant policy that seeks to eviscerate the rights established by the Congress for individuals like Plaintiff.

## PARTIES

6.      Plaintiff Vahan Kelerchian ("Kelerchian") is a natural person, whose Federal Firearms License ("FFL"), no. 8-23-017-01-5A-02276, is based out of a premise in Warminster, Pennsylvania, and who lives in Richboro, Pennsylvania.

7.      Defendant ATF is the federal government agency responsible for enforcing the statutory laws and promulgating and enforcing regulations under the GCA and the National Firearms Act, ("NFA") 26 U.S.C. 5801, *et seq*.

8.      Defendant Regina Lombardo ("ATF Director" or "Lombardo") is the Acting Director of the Bureau of ATF, and she is sued in that official capacity. ATF is responsible for, *inter alia*, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce, and conducting federal firearm relief determinations, pursuant to 18 U.S.C. § 925(c). As Acting Director of ATF, Defendant Lambardo is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the ATF and the United States as they relate to the GCA and NFA, including implementation and enforcement of the policy complained of herein.

9.     Defendant William Barr ("Attorney General" or "Barr") is the Acting Attorney General

of the United States, and he is sued in that official capacity. As Attorney General,

Defendant Barr is responsible for executing and administering the laws, regulations,

customs, practices, and policies of the United States including the implementation and

enforcement of the policy complained of herein. As Attorney General, Defendant Barr is

ultimately responsible for supervising the functions and actions of the United States

Department of Justice, including the ATF, which is an arm of the Department of Justice.

10.    Defendant United States of America ("United States") is a proper party in this action

pursuant to 5 U.S.C. §§ 702, 703.

## JURISDICTION AND VENUE

11.    This case concerns certain subject matter under the original and exclusive jurisdiction of

the federal courts of the United States of America.

12.    This action seeks relief pursuant to 5 U.S.C. §§ 552, 702, 703, 704; and 28 U.S.C. §§

1331, 1343, 1346, 2201, 2202, and 2412. Therefore, jurisdiction is founded on 5 U.S.C.

§§ 702 and 704 and 28 U.S.C. § 1331, as this action arises under the Administrative

Procedure Act, as well as the Constitution and laws of the United States.

13.    This Court has authority to award costs and attorney fees pursuant to 18 U.S.C. § 924, 5

U.S.C. § 552(a)(4)(E)(i), and 28 U.S.C. §§ 1920, 2412.

14.    Venue is proper in this district pursuant to 5 U.S.C. § 703 and 28 U.S.C. §§ 1391(b)(2),

(e)(1)(B), as a substantial part of the events and omissions giving rise to the claims

occurred in the Eastern District of Pennsylvania.

## STATUTORY AND REGULATORY FRAMEWORK

15.    The Gun Control Act ("GCA"), 18 U.S.C. § 921, *et seq*., and its implementing

regulations, 27 C.F.R. § 478.1, *et seq*., are part of the Crimes Code and have both

criminal and civil penalties associated with violations thereof.

16.    18 U.S.C. § 925(c) provides, in pertinent part:

> A … *licensed dealer* … conducting operations under this chapter, who *makes* application for relief from the disabilities incurred under this chapter, *shall not be barred by such disability from further operations under his license pending final action on an application for relief filed pursuant to this section*. (emphasis added).

17.    27 C.F.R. § 478.144(i)(1) provides, in pertinent part:

> A licensee who incurs disabilities under the Act (see § 478.32(a)) during the term of a current license or while the licensee has pending a license renewal application, and *who files an application for removal of such disabilities*, shall not be barred from licensed operations for 30 days following the date on which the applicant was first subject to such disabilities (or 30 days after the date upon which the conviction for a crime punishable by imprisonment for a term exceeding 1 year becomes final), and *if the licensee files the application for relief as provided by this section within such 30–day period, the licensee may further continue licensed operations during the pendency of the application*. (emphasis added).

18.    27 C.F.R. § 478.144(i)(2) goes on to provide, in pertinent part

> In the event the term of a license of a person expires … during the pendency of the application for relief, a timely application for renewal of the license must be *filed in order to continue licensed operations*.

## STATEMENT OF FACTS

*Facts Relative to Mr. Kelerchian's Licensing*

19.    In or about January of 2006, Mr. Kelerchian obtained an FFL, as a dealer, with a current

number of 8-23-017-01-5A-02276.

20.    Mr. Kelerchian's FFL no. 8-23-017-01-5A-02276 has been timely renewed, every three

years, as required by 18 U.S.C. § 923 and 27 C.F.R.§ § 478.45, 478.49 and is listed as

active on ATF's FFL eZCheck, available at https://fflezcheck.atf.gov/fflezcheck.

21.    Although Mr. Kelerchian timely submitted a renewal of his dealer license in December of

2014 and again on or about December 21, 2017, in direct defiance of 18 U.S.C. §

923(d)(2) and 27 C.F.R. §§ 478.47(c), (d) – which require a determination approving or

denying the license within 60 days – Defendants have failed to issue determinations on

the renewal applications and instead have issued numerous "letters of authorization",

referred to by Defendants as "LOAs", purporting to extend his license for limited periods

of time.

22.    As of the filing of this action, Defendants' most recent LOA purports to authorize Mr.

Kelerchian to continue business until July 7, 2020, even though, his most recent renewal

application of on or about December 21, 2017, if approved, would authorize him to

continue business through on or about January 1, 2021, absent revocation of the license.

23.    Neither the GCA nor its implementing regulations mention "letters of authorization" or

"LOAs."

*Facts Relative to Mr. Kelerchian's Chargings*

24.    On May 17, 2013, Mr. Kelerchian was charged in a nine (9) count Indictment, primarily

related to the putative transfer of machineguns and laser-aiming devices, in the U.S.

District Court, Northern District of Indiana, docket no. 2:13-cr-00066.

25.    On or about October 15, 2015, the jury found Mr. Kelerchian guilty of some, but not all,

charges.

26.    After several motions, on February 5, 2018, Mr. Kelerchian was sentenced.

27.    Mr. Kelerchian appealed his conviction and the matter is currently pending on a petition

for certiorari before the U.S. Supreme Court, docket no. 19-782.

*Facts Relative to Mr Kelerchian's Application for Relief*

28.    As a result of the Mr. Kelerchian's sentencing on February 5, 2018, within the 30 days as

mandated by 27 C.F.R. § 478.144(i)(1), on March 2, 2018, the undersigned submitted one

(1) day Priority Mail letters to then-ATF Acting Director Thomas Brandon, Philadelphia

Director of Industry Operations Juan Orellana, and ATF's NCETR division with three

copies of Mr. Kelerchian's Application for Restoration of Firearms Privileges, pursuant

to 18 U.S.C. § 925(c) and 27 C.F.R. § 478.144, and requisite documentation. A copy of

the letters to each entity and enclosed documents is attached hereto and incorporated

herein as Exhibit A.

29.    As set-forth in the letter, 27 C.F.R. § 478.11 requires three copies of the application to be

filed with the Director, but the application instructions only require one copy to be filed

with NCETR; thus, as a matter of precaution, the undersigned submitted three copies of

the executed Applications with the applicable documents (as contained in Exhibit A) to

each: then-ATF Acting Director Thomas Brandon, Philadelphia Director of Industry

Operations Juan Orellana, and ATF's NCETR division. *Id*.

30.    As further set-forth in the letter, the undersigned declared that "[p]ursuant to Sections

925(c) and 478.144(i), as Mr. Kelerchian is an FFL holder, who has continually and

timely renewed his FFL, he shall not be 'barred by such disability from further operations

under his license pending final action on an application for relief filed pursuant to this

section.'" *Id*.

31.   The mailing to then-ATF Acting Director Brandon was received on March 7, 2018. A

       copy of the mailing certificates is attached hereto and incorporated herein as Exhibit B.

32.   The mailing to Philadelphia Director of Industry Operations Orellana was received on

       March 6, 2018. A copy of the mailing certificates is attached hereto and incorporated

       herein as Exhibit C.

33.   The mailing to ATF NCETR division was received on March 6, 2018. A copy of the

       mailing certificates is attached hereto and incorporated herein as Exhibit D.

34.   On April 3, 2018, the undersigned received a response dated March 27, 2018, from John

       R. Day, Chief, Explosives Enforcement and Training Division, acknowledging receipt of

       Mr. Kelerchian's Application for Restoration of Firearms Privileges, but stating that since

       ATF cannot, currently, act on applications for relief, the application was being returned to

       the undersigned. A copy of ATF's March 27, 2018 letter is attached hereto and

       incorporated herein as Exhibit E.

35.   On April 9, 2018, the undersigned responded by explaining that as the statutory and

       regulatory law only requires that an FFL "make" and "file" an application for relief, ATF

       is required to retain the application and process it, when, if ever, the Congress

       appropriates money for ATF to conduct federal firearms relief determinations, and

       resubmitted Mr. Kelerchian's Application for Restoration of Firearms Privileges with the

       applicable documents (as contained in Exhibit A). A copy of the letter is attached hereto

       and incorporated herein as Exhibit F.

36.   The undersigned's April 9, 2018 letter with Mr. Kelerchian's Application for Restoration

       of Firearms Privileges and the applicable documents (as contained in Exhibit A) was

       received by ATF Chief John Day on April 12, 2018. A copy of the certified return receipt

reflecting receipt of the April 9, 2019 letter and enclosures is attached hereto and incorporated herein as Exhibit G.

37.     Neither Chief John Day nor anyone else acting as an employee or agent of the Defendants has sent any further correspondences regarding Mr. Kelerchian's Application for Restoration of Firearms Privileges.

38.     Neither Acting Director Brandon, Director Orellana, nor NCETR returned Mr. Kelerchian's Application for Restoration of Firearms Privileges.

39.     Mr. Kelerchian's timely and properly filed Application for Restoration of Firearms Privileges is currently in the possession of and pending with Defendants.

*Facts Relative to Defendants' Refusal to Acknowledge*
*Mr. Kelerchian's Application for Restoration of Firearms Privileges*

40.     On November 27, 2019, ATF Philadelphia Division Counsel Kevin White inquired as to whether Mr. Kelerchian had filed an appeal with the U.S. Supreme Court in relation to his criminal chargings, as ATF is taking the position, pursuant to an internal policy (hereinafter "internal policy"), that although Mr. Kelerchian timely complied with 18 U.S.C. § 925(c) and 27 C.F.R. 478.144 by making and filing the application for relief with ATF, since ATF cannot adjudicate the application that it can immediately revoke his license if the U.S. Supreme Court denies certiorari – in direct defiance of the enacted statutory and regulatory text.

41.     Additionally, pursuant to this "internal policy", it is apparently ATF's position that the firearms held pursuant to the license are contraband and therefore subject to forfeiture, in addition to arguably contending that Mr. Kelerchian is a prohibited person in possession of each and every firearm, for which he could be separately charged and convicted.

42.     This "internal policy" has not been published anywhere, including, but not limited to, in the Federal Register, and it is unknown whether it exists in written form.

### COUNT I: DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 18 U.S.C. § 925(c) AND 27 C.F.R. § 478.11(i)

43.     The foregoing paragraphs are hereby incorporated herein as if set forth in full.

44.     There is no dispute that Mr. Kelerchian timely filed his Application for Restoration of Firearms Privileges, pursuant to 18 U.S.C. § 925(c) and 27 C.F.R. § 478.144, and requisite documentation.

45.     As a result, pursuant to Section 925(c), Mr. Kelerchian "shall not be barred by such disability from further operations under his license pending final action on an application for relief filed pursuant to this section."

46.     Furthermore, pursuant to ATF's own promulgated regulation – 27 C.F.R. § 478.144(i) – Mr. Kelerchian "shall not be barred from licensed operations … [and] may further continue licensed operations during the pendency of the application."

47.     Although Mr. Kelerchian has timely made and filed his application for relief with ATF, in direct defiance of the Congressional mandate in Section 925(c), and ATF's own promulgated regulation in 478.144(i), Defendants contend that they can bar and preclude his license operations during the pendency of his relief application.

48.     Specifically, Defendants contend pursuant to ATF's "internal policy" that even if a FFL licensee timely complies with 18 U.S.C. § 925(c) and 27 C.F.R. 478.144 by making and filing the application for relief with ATF, since ATF cannot adjudicate the application, ATF can immediately revoke the license upon a final determination on the criminal charges and contend that the firearms held pursuant to the license are contraband and

therefore subject to forfeiture, in addition to arguably contending that the licensee is a

prohibited person in possession of each and every firearm, for which he/she could be

separately charged and convicted.

49.     Wherefore Mr. Kelerchian is entitled to, *inter alia*, emergency and permanent injunctive,

and declaratory relief, in addition to attorney fees and costs.

### COUNT II: VIOLATION OF ATF'S RULEMAKING AUTHORITY

50.     The foregoing paragraphs are hereby incorporated herein as if set forth in full.

51.     The "core administrative-law principle" is that "an agency may not rewrite clear statutory

terms to suit its own sense of how the statute should operate." *Util. Air Regulatory Group

v. EPA*, 134 S. Ct. 2427, 2446 (2014); *Chevron, U.S.A., Inc. v. Natural Resources

Defense Council, Inc.*, 467 U.S. 837, 842-843 (1984) ("If the intent of Congress is clear,

that is the end of the matter; for the court, as well as the agency, must give effect to the

unambiguously expressed intent of Congress.").

52.     Congress has clearly declared that if a "licensed dealer … makes application for relief

from the disabilities…[he] shall not be barred by such disability from further operations

under his license pending final action on an application for relief filed pursuant to this

section."

53.     Accordingly, ATF's attempt to contravene the Congress' mandate is in violation of its

regulatory authority and Mr. Kelerchian is entitled to, *inter alia*, emergency and

permanent injunctive, and declaratory relief, in addition to attorney fees and costs.

### COUNT III: ADMINISTRATIVE PROCEDURE ACT VIOLATIONS

54.     The foregoing paragraphs are hereby incorporated herein as if set forth in full.

55.   A reviewing court shall "hold unlawful and set aside agency action … found to be –

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."

5 U.S.C. § 706(2)(A).

56.   Based upon the statement of ATF Philadelphia Division Counsel Kevin White,

Defendants have an "internal policy", which contravenes 18 U.S.C. § 925(c) and 27

C.F.R. § 478.144(i), and for which, violates the Administrative Procedures Act ("APA").

57.   This "internal policy" has not been published anywhere and it is unknown whether it

exists in written form.

## *Failure to Publish the "Internal Policy"*

58.   Defendants have not made the "internal policy" available to the public, as required by 5

U.S.C. §§ 552(a)(1), (b)(2).

## *Failure to Provide 90-Day Comment Period*

59.   Under 18 U.S.C. § 926(b), ATF was statutorily obligated to provide at least a 90-day

public comment period to facilitate the public discourse intended under the APA.

60.   Nevertheless, ATF has failed to institute any comment period or even publish or notify

the public of its "internal policy" that even if a FFL licensee timely complies with 18

U.S.C. § 925(c) and 27 C.F.R. 478.144 by making and filing the application for relief

with ATF, since ATF cannot adjudicate the application, it contends, in direct defiance of

the enacted statutory and regulatory text, that it can immediately revoke the license upon

a final determination on the criminal charges and contend that the firearms held pursuant

to the license are contraband and therefore subject to forfeiture, in addition to arguably

contending that the licensee is a prohibited person in possession of each and every

firearm, for which he/she could be separately charged and convicted.

### *Failure to Consider Cost-Impact*

61.   As ATF failed to implement any form of rulemaking relative to its "internal policy," it

   failed to provide a cost-impact analysis.

### *Failure to Provide a Hearing*

62.   Under 18 U.S.C. § 926(b), ATF was also expressly required to "afford interested parties

   opportunity for hearing, before prescribing such rules and regulations."

63.   As ATF failed to implement any form of rulemaking relative to its "internal policy," it

   failed to provide interested parties an opportunity for hearing, before prescribing its

   "internal policy."

### *The "Internal Policy" is Arbitrary and Capricious*

64.   As previously noted, a reviewing court shall "hold unlawful and set aside agency action

   … found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in

   accordance with the law." 5 U.S.C. § 706(2)(A). "Agency action is arbitrary and

   capricious 'if the agency has relied on factors which Congress has not intended it to

   consider, entirely failed to consider an important aspect of the problem, [or] offered an

   explanation for its decision that runs counter to the evidence before the agency.'" *Animal*

   *Legal Def. Fund, Inc. v. Perdue*, 872 F.3d 602, 611 (2017 D.C. Cir.) (quoting *Motor*

   *Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43).

65.   In this matter, there is no dispute that Congress has already declared that ATF's "internal

   policy" is a contravention of its own enactment, as the Congress has declared that ATF is

barred from precluding the continuation of a licensee, who has filed an application for relief, until such time as ATF makes a final determination on the application for relief, provided timely renewals are filed.

66.     Accordingly, ATF's violations of the APA result in Mr. Kelerchian being entitled to, *inter alia*, emergency and permanent injunctive, and declaratory relief, in addition to attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Kelerchian respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, as follows:

a)     Emergently and Preliminarily enjoin Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from enforcing their "internal policy" that even if a FFL licensee timely complies with 18 U.S.C. § 925(c) and 27 C.F.R. 478.144 by making and filing the application for relief with ATF, since ATF cannot adjudicate the application, that ATF can immediately revoke the license upon a final determination on the criminal charges and contend that the firearms held pursuant to the license are contraband and therefore subject to forfeiture, in addition to arguably contending that the licensee is a prohibited person in possession of each and every firearm, for which he/she could be separately charged and convicted;

b)     Declare that Defendants are prohibited from implementing and enforcing their "internal policy" as it violates 18 U.S.C. § 925(c), 27 C.F.R. § 478.144, their statutory authority, and the Administrative Procedures Act.

c)     Permanently enjoin Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from enforcing their "internal policy"

that even if a FFL licensee timely complies with 18 U.S.C. § 925(c) and 27 C.F.R.
478.144 by making and filing the application for relief with ATF, that ATF can
immediately revoke the license upon a final determination on the criminal charges and
contend that the firearms held pursuant to the license are contraband and therefore subject
to forfeiture, in addition to arguably contending that the licensee is a prohibited person in
possession of each and every firearm, for which he/she could be separately charged and
convicted;

d)     Award Plaintiff costs and attorney fees and expenses to the extent permitted under 5
       U.S.C. § 552(a)(4)(E)(i), 18 U.S.C. § 924, and 28 U.S.C. §§ 1920, 2412; and

e)     Grant any and all other equitable and/or legal remedies this Court may see fit.


                                   Respectfully Submitted,



                                   Joshua Prince, Esq.
                                   Joshua@PrinceLaw.com

                                   Adam Kraut, Esq.
                                   AKraut@PrinceLaw.com


                                   Prince Law Offices, P.C.
                                   646 Lenape Road
                                   Bechtelsville, PA 19505
                                   (888) 313-0416 (t)
                                   (610) 845-3903 (f)

                                   Attorneys for Plaintiff

15