## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VAHAN KELERCHIAN** | : | |
| Plaintiff | : | Civil Action No.  2:20-CV-253 |
| | : | |
| **v.** | : | |
| | : | |
| **BUREAU OF ALCOHOL, TOBACCO,** | : | |
| **FIREARMS AND EXPLOSIVES,** *et al.* | : | |
| Defendants | : | |

## JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 14, 2020, and submit to Chambers the following report of their meeting for the Court's consideration.

### Preliminary Statement

In this matter seeking declaratory and injunctive relief, Plaintiff's claims, and the government's defenses to them, turn on matters of statutory interpretation. The parties have fully briefed their respective positions in connection with the government's Motion to Dismiss the Complaint (*see* Dkt. Nos. 7 - 9). The parties believe that Plaintiff's claims, and the government's defenses to them, will likely be resolved in their entirety by the Court's decision on this pending motion, as the parties believe that the Court will need to address the statutory interpretation issues in denying or granting the motion.

In the event that any claim or defense is not resolved by the Motion to Dismiss, the parties still expect the issues will remain purely questions of law that would be appropriate to resolve on motions for summary judgment. As is not uncommon in matters

seeking review of agency action, which both the Federal Rules of Civil Procedure and
Local Civil Rules exempt from the formal requirement of a scheduling order (*see* Fed. R.
Civ. P. 16(b)(1) and Local Rule 16.2), neither party anticipates a need for discovery,
expert opinions, or trial. This joint submission and proposed plan reflects this procedural
and substantive posture.

1.  **Discussion of Claims, Defenses, and Relevant Issues**

    (i)      **Concise Factual Summary Supporting Plaintiff's Claims and Defenses
             and Summary of Issues**

    In 2015, Plaintiff was convicted on some, but not all, of the charges in a nine-count
indictment. Plaintiff was sentenced in 2018 and currently has a petition for certiorari
pending before the U.S. Supreme Court. Within 30 days of sentencing, Plaintiff
petitioned ATF for relief from disability pursuant to 18 U.S.C. § 925(c) and 27 C.F.R. §
478.144(i)(1), which provide that a licensee "who makes application for relief from the
disabilities incurred under this chapter, shall not be barred by such disability from further
operations under his license pending final action on an application for relief filed
pursuant to this section." ATF acknowledges receipt and possession of the application
and correctly refuses to act upon it, given the congressional appropriations rider.
Nevertheless, ATF contends that despite Plaintiff's timely application for relief from
disabilities, pursuant to its interpretation of 18 U.S.C. § 925(b) and its internal, unwritten
policy, Plaintiff's Federal Firearms License will be void/revoked/invalidated within 30
days of the denial of certiorari (*i.e.* July 1, 2020), which Plaintiff contends is in direct
contravention of 18 U.S.C. § 925(c) and 27 C.F.R. § 478.144(i)(1).

Plaintiff brings this action for declaratory and injunctive relief, seeking a Court Order declaring, pursuant to 18 U.S.C. § 925(c) and 27 C.F.R. § 478.144(i)(1), that Plaintiff's license is not void and cannot be revoked/invalidated given his timely application for relief and enjoining Defendants from taking any action against his license, until such time as ATF issues an adverse final determination on his application for relief. Plaintiff does not believe that any discovery needs to be conducted on this issue.

**(ii)      Concise Factual Summary Supporting Defendant's Claims and Defenses**

Plaintiff is a federally convicted felon. His conviction became final on June 1, 2020, when the Supreme Court denied his petition for certiorari. Under the Gun Control Act, by operation of law, his federal firearms license will become inoperative on July 1, 2020. 18 U.S.C. § 925(b).

Plaintiff asks the Court to compel the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to take action on an application he made under 18 U.S.C. § 925(c) of the Gun Control Act to retain his federal firearms license in spite of his convictions. Congress effectively revoked § 925(c) in 1992, and has prohibited ATF from taking any action on such applications ever since. Plaintiff nonetheless asks the Court to compel ATF to acknowledge and accept his application for relief from disabilities he mailed to ATF in 2018 pursuant to this defunct provision, and to put the application in "pending" status, so that he may continue to operate under his federal firearms license until such time as Congress reinstates § 925(c) and ATF is once again authorized to consider his application – which plaintiff recognizes could be never.

Under the Gun Control Act, the Court's jurisdiction is limited to reviewing ATF's denials of such applications. By Plaintiff's admission, ATF has taken no action on his

application at all. More fundamentally, the provisions on which Plaintiff bases his application – and his claims here – were repealed by Congress nearly thirty years ago. Because Congress unequivocally nullified all relief that had once been available under 18 U.S.C. § 925(c) in 1992, Plaintiff's application for that relief is a legal nullity. Plaintiff has no legal basis for his claims, and under unanimous Third Circuit and Supreme Court precedent, this Court is without jurisdiction to hear them. Defendants have therefore respectfully moved the Court to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).

**2.   Initial and Informal Disclosures**

The parties agree that, pursuant to Rule 26(a)(1), this matter is exempt from the typical requirement of initial disclosures. The parties do not currently anticipate a need for other informal disclosures in this case based upon the current legal issues and parties' positions; however, the parties reserve the right to request informal disclosures, depending on the Court's resolution of the outstanding Motion to Dismiss.

**3.   Formal Discovery**

Mindful and respectful of the Court's general directives regarding discovery, the parties do not currently anticipate a need for formal discovery in this case based upon the current legal issues and parties' positions. The parties respectfully suggest that, following the Court's decision on the Motion to Dismiss, to the extent any claim or defense is not resolved by the Court's ruling, the parties will submit motions for summary judgment within ninety (90) days of the Court's decision on the motion to dismiss. The parties will confer following the Court's decision on the motion, and if they continue to agree that no

discovery is necessary, the parties will propose an earlier date by which to submit motions for summary judgment.

**4.   Electronic Discovery**

The parties do not currently anticipate a need for electronic discovery based upon the current legal issues and parties' positions. To the extent that electronic discovery is necessary, the parties do not object to the Court's standard electronic discovery order.

**5.   Expert Witness Disclosures**

The parties do not intend to call any expert witnesses and therefore agree that there is no need for disclosures related thereto.

**6.   Early Settlement or Resolution**

The parties agree that this is a dispute of legal interpretation with little room for compromise. Absent one party's change of position, which neither party anticipates, early settlement does not appear to be a possible outcome.

**7.   Trial Date**

As noted above, the parties agree that the issues in this case are solely ones of legal interpretation and that there are no disputes of fact requiring a trial.

**8.   Other**

The Court has scheduled the Rule 16 Conference to take place on June 29, 2020. If, based on this joint submission, or for other logistical reasons, the Court determines that an in-person conference is unnecessary, the parties would be happy to appear on June 29, 2020 by video or telephone if and as the Court deems appropriate.

**Date: June 12, 2020**

Respectfully Submitted:

**/s/  *Joshua Prince***

Counsel for Plaintiff

**/s/  *Lauren DeBruicker***

Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically through the Eastern District of Pennsylvania Electronic Filing System. Notice of this filing will be sent by operation of the court's Electronic Filing System to all registered users in this case.

Joshua Prince, Esq.
Attorney Id. No. 306251

Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-313-0416
610-845-3903 (fax)

Attorney for Plaintiff