**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VAHAN KELERCHIAN,**<br>                   **Plaintiff,**<br><br>         **v.**<br><br>**BUREAU OF ALCOHOL, TOBACCO,**<br>**FIREARMS AND EXPLOSIVES,**<br>**REGINA LOMBARDO, WILLIAM BARR**<br>**AND UNITED STATES OF AMERICA,**<br>                   **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  20-253** |

**MEMORANDUM OPINION**

Plaintiff Vahan Kelerchian was a federally licensed firearms dealer before he was indicted and convicted of multiple violations of federal gun laws, including conspiring and making false statements to illegally obtain and sell to private individuals military-style, belt-fed machine guns and laser aiming devices.  *See United States v. Kelerchian*, 937 F.3d 895, 903 (7th Cir. 2019).  After his indictment, Plaintiff submitted a license renewal application to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and did so again in 2017 having been found guilty in the interim.  As a convicted felon he is banned by the Gun Control Act ("GCA or "the Act") from possessing firearms.  18 U.S.C. § 922(g)(1).  Nevertheless, following his sentencing, he submitted to the ATF an Application for Restoration of Firearms Privileges pursuant to Section 925(c) of the Act.  ATF has not issued determinations on either of the license renewal applications.  And, it returned Plaintiff's privileges restoration application having taken no action on it.  Although Plaintiff resubmitted the privileges restoration application, he has received no further correspondence about it from the ATF.

Plaintiff now asks that the Defendants be compelled to take action on his application. Defendants the ATF, Regina Lombardo, William Barr, and the United States of America move

1

to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Because this Court has no jurisdiction over this matter, the motion to dismiss for lack of jurisdiction shall be granted.[2]

Section 922(g)(1) of the Gun Control Act bans individuals who have been convicted of a federal felony from possessing firearms.  18 U.S.C. § 922(g)(1).  The Act further provides that any federal firearms license held by a convicted felon is void thirty days from the date that the conviction becomes final.  18 U.S.C. § 925(b); *see also* 27 C.F.R. § 478.144(i)(1).  In crafting the Act, Congress initially provided a mechanism for convicted felons to attempt to restore their firearms privileges.  Section 925(c) authorized the Attorney General of the United States to grant relief from the prohibitions of Section 925(b) if it was established to his or her satisfaction that the felon no longer posed a danger and granting relief would be in the public interest.  18 U.S.C. § 925(c); *see also United States v. Bean*, 537 U.S. 71, 74 n.1 (2002) (quoting 18 U.S.C. § 925(c)) (noting that prohibitions can be lifted if the "record and reputation, are such that [they] will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest.").

Since 1992, Congress has provided in every ATF appropriations bill that "none of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)."  *See Pontarelli v. Dep't of Treasury*, 285 F.3d 216, 217-18 (3d Cir. 2002) (en banc); *see also, e.g.*, Consolidated Appropriations Act,

---

[1] A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) challenges the court's very power to hear the case. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (internal quotation and citation omitted).  Defendants make a facial challenge to this Court's jurisdiction in that they argue that, based on the pleadings and causes of action, this Court lacks jurisdiction to consider Plaintiff's Complaint.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In such a facial attack, all allegations must be accepted as true and all reasonable inferences taken in Plaintiff's favor.  *Id.*

[2] Defendants also filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6) which will not be addressed given the Court's lack of jurisdiction.

2018, Division B, P.L. 115-141 (2017-2018); Consolidated Appropriations Act, 2019, Division

C, P.L. 116-6 (2019-2020); and FY 2020 Omnibus Bill (HR 1158) (applicable at the time

Plaintiff filed his application and thereafter).  The language Congress used in the bills was a clear

and unequivocal statement that it was using, as it is permitted to do, appropriations bans to

amend Section 925(c).  *Robertson v. Seattle Audubon Soc'y*, 503 U.S. 429, 440 (1992)

(explaining that Congress is permitted to use appropriations bans to "amend substantive law . . .

as long as it does so clearly").

It is well-established that the appropriations ban "rendered inoperative" Section 925(c).

*Logan v. United States*, 552 U.S. 23, 28 n.1 (2007), in that Congress has stated clearly its

intention that the ATF be prohibited from enforcing Section 925(c) in any capacity.  *McHugh v.*

*Rubin*, 220 F.3d 53, 58 (2d Cir. 2000) (citing *Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 189

(1978)).  While the appropriations bans speak in terms of the ATF's ability to spend funds, the

effect is obvious: the ATF cannot grant, deny, or do anything else with Section 925(c)

applications—including process that one has been "made" and therefore act to not revoke the

applicant's license.  *Id.*  Given this congressional edict, it has been the ATF's practice for the

past 27 years to, upon receipt of an individual's Section 925(c) application, return it as unable to

be filed.  *See Bean*, 537 U.S. at 75.

Legislative history of the ban confirms that Congress passed the appropriations ban to

*specifically avoid* the outcome plaintiff seeks, *i.e.*, to allow convicted felons to retain their

firearms license.  Congress concluded that "too many of these felons whose gun ownership rights

were restored went on to commit violent crimes with firearms."  *Beers v. AG United States*, 927

F.3d 150, 156 n.38 (3d Cir. 2019), *vacated on other grounds*, 2020 WL 2515441 (2020) (*citing*

H.R. Rep. No. 104-183, at 15).  And, the legislators passed the appropriations bans with the

particular aim of preventing "dangerous felons [from] regaining their firearms privileges." *Pontarelli*, 285 F.3d at 226 (*citing* H.R. Rep. 102-618, at 14). They concluded "that the $3.75 million and the 40 man-years annually spent investigating and acting upon these applications for relief would be better utilized by ATF in fighting violent crime." *Id.* Thus, the provision under which Plaintiff seeks relief has been amended by Congress to effectively be written off the books as it applies to individual applicants. In that the "ATF is under a statutory duty not to" implement Section 925(c) in any form, it follows that this Court could not subvert legislative fiat and declare that it must so do, thereby requiring the agency to directly contravene the law. *See McHugh*, 220 F.3d at 58.

That this Court lacks jurisdiction is further established by the scheme for judicial review set forth in the statute. When operative, Section 925(c) provided that, while an application is pending, the applicant shall be entitled to retain their firearms privileges. *Id.* It provided further that: "[a]ny person whose application for relief . . . is denied by the [ATF]" may seek judicial review in federal court. *See Bean*, 537 U.S. at 75 n.1 (*citing* 18 U.S.C. § 925(c)). Section 925(c) thus granted a district court jurisdiction *only* to review a "denial" of a restoration application. *Id.* "Inaction by the ATF does not amount to a 'denial' within the meaning" of the statute." *Id.* at 75. Only if there is a denial does a district court have jurisdiction over a Section 925(c) claim. *Id.* at 76; *see also McHugh*, 220 F.3d at 59 (explaining that Section 925(c) "is not written so as to create a freestanding opportunity for relief from federal firearms disabilities which might be vindicated pursuant to 28 U.S.C. §[] 1331," which confers federal question jurisdiction).[3] Here,

---

[3] Plaintiff's identification of potential alternative sources of jurisdiction are unavailing. He identifies Sections 2201 and 2202 of the Declaratory Judgement Act, but the DJA is not its own source of jurisdiction; it simply expands the range of remedies available for claims over which a federal court already had jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). He then points to two sections of the Administrative Procedure Act ("APA") – Sections 702 and 704 – as the jurisdictional underpinning of his case. But like the DJA, the APA is not "an implied grant of subject-matter jurisdiction to review agency actions." *Califano v. Sanders*, 430 U.S. 99, 105 (1977). Instead, the APA generally only grants district courts subject matter jurisdiction over agency action when

the ATF has not denied Plaintiff's Application and *cannot* deny Plaintiff's application due to the appropriation ban – thus confirming this Court has no jurisdiction over this matter.

For the foregoing reasons, Defendant's motion shall be granted, and Plaintiff's Complaint shall be dismissed with prejudice.[4]

An appropriate order follows.

July 17, 2020                                      BY THE COURT:

                                                  /s/Wendy Beetlestone, J.

                                                  _____
                                                  **WENDY BEETLESTONE, J.**

---

there is no other administrative remedy; if another statutory provision forecloses relief, then judicial review under the APA is prohibited. *See, e.g.*, *Cunningham v. R.R. Ret. Bd.*, 392 F.3d 567, 578 (3d Cir. 2004) (holding that the court could not review decisions of the Railroad Retirement Board under the APA because Railway Unemployment Insurance Act created an exclusive manner for review of Board decisions). While Section 702 does provide that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof," general language about entitlement to judicial review is inapplicable in this instance, where the GCA sets forth an exclusive manner of review. *See Bean*, 537 U.S. at 75-76. Section 704 of the APA, which provides that agency actions "*made reviewable by statute and final agency action* for which there is no other adequate remedy in a court are subject to judicial review[,]" 5 U.S.C. § 704 (emphasis added), is inapplicable here because there has been no final agency action and nonaction on his application is not reviewable by statute. *See Bean*, 571 U.S. at 76 (explaining that "[o]nly" when a 925(c) applicant is denied relief can an applicant seek federal court review).

[4] Because the relief Plaintiff seeks is impossible, amendment would be futile, and this claim shall be dismissed with prejudice. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

5