## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VAHAN KELERCHIAN** | : | |
| Plaintiff | : | Civil Action No.  2:20-CV-253 |
| | : | |
| **v.** | : | |
| | : | |
| **BUREAU OF ALCOHOL, TOBACCO,** | : | |
| **FIREARMS AND EXPLOSIVES,** *et al.* | : | |
| Defendants | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, the

Plaintiff's Motion to Reconsider or, in the Alternative, to Amend his Complaint,

pursuant to Local Rule 7.10, is **GRANTED**.

The Court's Order and Decision of July 11, 2020 are hereby **VACATED**

and the matter is taken under further consideration.

BY THE COURT:

_____
WENDY BEETLESTONE, J.
United States District Court

Joshua Prince, Esq.
Attorney Id No. 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 313-0416, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VAHAN KELERCHIAN** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action No. 2:20-CV-253 |
| | : | |
| **BUREAU OF ALCOHOL, TOBACCO,** | : | |
| **FIREARMS AND EXPLOSIVES,** *et al.* | : | |
| Defendants | : | |

**PLAINTIFF'S MOTION TO RECONSIDER**
**OR, IN THE ALTERNATIVE, TO AMEND HIS COMPLAINT**

For the reasons set forth in Plaintiff's accompanying brief, Plaintiff Vahan Kelerchian, by and through his counsel, respectfully asks this Honorable Court, pursuant to L.R.C.P. 7.1, to reconsider its July 17, 2020 Order and Decision, or, in the alternative, to grant him leave to file an amended complaint.

Respectfully Submitted,

Dated: July 31, 2020

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road

1

Bechtelsville, PA 19505
888-313-0416
610-845-3903 (fax)

Attorney for Plaintiff

Joshua Prince, Esq.
Attorney Id No. 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 313-0416, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VAHAN KELERCHIAN** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action No. 2:20-CV-253 |
| | : | |
| **BUREAU OF ALCOHOL, TOBACCO,** | : | |
| **FIREARMS AND EXPLOSIVES,** *et al.* | : | |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO RECONSIDER OR, IN
THE ALTERNATIVE, TO AMEND HIS COMPLAINT**

Plaintiff Vahan Kelerchian, by and through his counsel, hereby submits this Brief in Support of his Motion to Reconsider or, in the Alternative, to Amend his Complaint.

**I.     Basis for Reconsideration**

As a result of Defendants' misleading and purposely deceptive statements [1] – directly contrary to Plaintiff's Complaint [2] and arguments in response to Defendants' Motion to Dismiss [3] – this Court was manipulated into believing that this action involved

___

[1] *See e.g.*, Doc-7, Gov't Mem. in Supp. of MTD, pg 1., declaring that Plaintiff "asks the Court to *compel* the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") *to take action on* an application he made under 18 U.S.C. § 925(c)." (emphasis added).
[2] *See generally*, Doc-1.
[3] *See e.g.*, Doc-8, Pltf. Mem. in Opp. of MTD, pgs. 1-2, 9-11. *See also*, Doc-12, Joint Report of Rule of 26(f) Meeting, pgs. 2-3, declaring, *inter alia*, "ATF contends that despite Plaintiff's timely application for relief from disabilities, pursuant to its

1

a request by Plaintiff for "Defendants to be compelled to take action on his application", [4]

when this matter involves a dispute between the Parties as to whether, given Plaintiff's

compliance with 18 U.S.C. § 925(c) – for which this Court found he complied [5] – his

federal firearms license remains valid. [6]

## II.    Standard of Review

### a.    Standard for Motion to Reconsider

Local Rule of Civil Procedure 7.1(g) provides that "[m]otions for reconsideration

or reargument shall be served and filed within fourteen (14) days after the entry of

judgment, order or decree concerned." The Third Circuit has held that motions for

reconsideration may be used "to correct manifest errors of law or fact or to present newly

discovered evidence." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d

237, 251 (3d Cir. 2010) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

### b.    Standard for Motion to Amend

---

interpretation of 18 U.S.C. § 925(b) and its internal, unwritten policy, Plaintiff's Federal
Firearms License will be void/revoked/invalidated within 30 days of the denial of
certiorari (*i.e.* July 1, 2020), which Plaintiff contends is in direct contravention of 18
U.S.C. § 925(c) and 27 C.F.R. § 478.144(i)(1)."
[4] *See*, Decision at 1.
[5] *See*, Decision at 1, declaring "[Mr. Kelerchian] submitted to the ATF an Application for
Restoration of Firearms Privileges pursuant to Section 925(c) of the Act."
[6] *See*, Doc-7, Gov't Mem. in Supp. of MTD, pgs. 17, 19, declaring the Government's
position that by operation of 18 U.S.C. § 925(b) "plaintiff's license becomes void by
operation of law once the felony conviction becomes final" and "his license will become
inoperative if and when his conviction becomes final." However, Plaintiff contends (*see
e.g.*, Doc-12, pgs. 2-3) that such is in direct contravention of 18 U.S.C. § 925(c) and 27
C.F.R. § 478.144(i)(1).

The Third Circuit has held that when a district court dismisses a case, the court must allow the plaintiff to file an amended complaint, "unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). The Third Circuit has defined futility as meaning "that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted).

## III.    Argument

### a.    Plaintiff seeks Declaratory and Injunctive Relief for which this Court has Jurisdiction

As Plaintiff set-forth at length in his Memorandum in Opposition to Defendants' Motion to Dismiss, [7] contrary to this Court's Decision, [8] his Complaint does *not* seek to compel Defendants to take action on his application. Rather, due to the dispute between the Parties over the legal interplay between 18 U.S.C. §§ 925(b), (c), he seeks declaratory and injunctive relief that, pursuant to *his compliance with* 18 U.S.C. § 925(c) and 27 C.F.R. § 478.144(i)(1), his federal firearms license remains valid. As § 925(c) and § 478.144(i)(1) only require that he "make" or "file" an application with ATF, the Government conceded he did so, [9] and this Court found he did so, [10] although § 925(c)

---

[7] *See*, Doc-8, pgs. 1-2, 9-11; *see also*, Doc-12, Joint Report of Rule of 26(f) Meeting, pgs. 2-3.

[8] *See*, Decision, pg. 1.

[9] *See*, Doc-7, Gov't Mem. in Supp. of MTD, pg 1., declaring that Plaintiff "asks the Court to *compel* the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to take action on *an application he underlined made under 18 U.S.C. § 925(c)*." (emphasis added). *See also*, *id*. pg. 15, fn. 4, declaring that ATF has not "tak[en] any action on [Mr. Kelerchian's] application;" thereby reflecting that it is in possession of an application he made.

declares that he "shall not be barred by such disability from further operations under his license pending final action on an application for relief filed pursuant to this section," the Government contends that his license is currently void. [11]

As there is a dispute over the legal interplay between two federal statutory provisions – 18 U.S.C. §§ 925(b), (c) – this Court has jurisdiction, pursuant to the Declaratory Judgment Act, to determine the matter, as 28 U.S.C. § 2201 explicitly provides this Court with jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" and thereafter, 28 U.S.C. § 2202 provides this Court with jurisdiction to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree." [12]

Furthermore, as Plaintiff detailed in his brief, [13] Congress has not nullified the relief available under § 925(c) and has *explicitly*, only limited ATF's ability to "investigate" or "act" upon applications for relief. Nowhere within the appropriation rider does it preclude "[a] licensed importer, licensed manufacturer, licensed dealer, or licensed collector" from "mak[ing] application," even though the Congress is acutely aware of how to use this language when it desires to, as it used it explicitly in § 925(c). *See*, *Loughrin v. U.S.*, 573 U.S. 351, 358 (2014)(declaring, "We have often noted that when 'Congress includes particular language in one section of a statute but omits it in

---

[10] *See*, Decision at 1, declaring "[Mr. Kelerchian] submitted to the ATF an Application for Restoration of Firearms Privileges pursuant to Section 925(c) of the Act."
[11] *See*, Doc-12, pg. 3.
[12] *See also*, 5 U.S.C. § 702 (declaring, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereto."); 28 U.S.C. § 1331 (declaring, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")
[13] *See*, Doc-8, pgs. 13-15.

another' … this Court 'presumes' that Congress intended a different meaning."); *Russello v. United States*, 464 U.S. 16, 23 (1983)(declaring, "Where Congress includes particular language in one section of a statue but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.); *U.S. v. Borden*, 308 U.S. 188, 198 (1939)(declaring, "It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible."); *Shalom Pentecostal Church v. Acting Sec'y U.S. Dep't of Homeland Sec.*, 783 F.3d 156, 166 (3d Cir. 2015)(declaring, "[W]e have concluded that 'we must read the statute as written,' giving meaning to distinctions between statutory provisions, rather than rely on implicit assumptions of intent.")

Accordingly, as Parties disagree over the legal interplay between 18 U.S.C. §§ 925(b), (c) and Mr. Kelerchian seeks to have his rights and legal status determined, this Court does have jurisdiction in this matter.

      b.  <u>In the alternative, Mr. Kelerchian should be granted leave to file an amended complaint</u>

If, *arguendo*, this Court finds that Mr. Kelerchian insufficiently pled his claims for declaratory and injunctive relief relative to the interplay between 18 U.S.C. §§ 925(b), (c), for which he seeks relief, Mr. Kelerchian respectfully requests an opportunity to file an amended complaint.

**IV.**    **Conclusion**

As this Court has jurisdiction to hear Mr. Kelerchian's claims seeking declaratory and injunctive relief that his compliance with Section 925(c) results in him being able to

continue licensed operations during the pendency of his relief application, the Court should vacate its Order and Decision of July 14, 2020 and deny the Government's Motion to Dismiss. Alternatively, if the Court believes that Mr. Kelerchian insufficiently pled his claims, it should grant him leave to amend his complaint.

Respectfully Submitted,

Dated: July 31, 2020

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
888-313-0416
610-845-3903 (fax)

Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing

Brief was filed electronically through the Eastern District of Pennsylvania Electronic

Filing System. Notice of this filing will be sent by operation of the court's Electronic

Filing System to all registered users in this case.

Joshua Prince, Esq.
Attorney Id. No. 306251

Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-313-0416
610-845-3903 (fax)

Attorney for Plaintiff