IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAHAN KELERCHIAN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 20-253 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, | : |
| Defendants. | : |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Regardless of how he styles his claims, plaintiff seeks one result: an order declaring that under 18 U.S.C. § 925(c), his federal firearms license remains valid despite his eight federal felony convictions, and enjoining ATF from taking any action to the contrary. As the Court of Appeals ruled in considering plaintiff's argument, § 925(c) provides no cause of action for any such relief; nor do plaintiff's vague allegations of an unspecified "internal [ATF] policy" state a claim under the APA upon which relief may be granted. In his opposition to defendants' motion to dismiss, plaintiff asks the Court to overlook these rulings and find in his favor on the same grounds the Court of Appeals rejected, and attempts to allege constitutional claims for which there is no support in fact or law.

For the reasons set forth in defendant's motion (Dkt. No. 27) and the additional reasons set forth below, plaintiff fails to state a claim upon which relief may be granted and the Court must dismiss the amended complaint.

## I. PLAINTIFF HAS NO CAUSE OF ACTION FOR DECLARATORY OR INJUNCTIVE RELIEF UNDER § 925(c).

Plaintiff insists that 28 U.S.C. § 925(c) provides him with a cause of action to enforce the "protections" it once provided to felon licensees. On appeal, the Court of Appeals held it does not. Plaintiff offers no argument or authority in support of his renewed claim that the Court of Appeals did not consider and reject in his appeal.

As the Court of Appeals found, Section 925(c) provides neither an express nor implied cause of action for plaintiff's claims of declaratory or injunctive relief. *Kelerchian v. Bureau of Alcohol Tobacco Firearms & Explosives*, No. 20-3065, 2021 U.S. App. LEXIS 20531, *10 (3d Cir. July 12, 2021). The Court of Appeals expressly ruled that "§ 925(c) does not contain an express right of action to enforce the protection provision and we do not read the statute to imply a private right of action. *See generally Alexander v. Sandoval*, 532 U.S. 275 [] (2001). So Count I [seeking declaratory and injunctive relief] fails to state a claim." *Id.*

Plaintiff did not appeal this ruling. Instead, he asks this Court to disregard it and find an implied right of action under § 925(c), based on nothing more than the same principles and precedent considered by the Court of Appeals. (*See* Plf.'s Br. at 14-16, citing *Sandoval*). Setting aside the law of the case, Plaintiff offers no factual or legal basis upon which the Court might find any cause of action under § 925(c).

As set forth in defendants' motion, and as the Supreme Court and Third Circuit have held in precedential opinions, § 925(c) is no longer law.[1] Even if it

---

[1] *See* Defs.' Mot. at 16-18, *citing, e.g.*, *Logan v. United States*, 552 U.S. 23, 28 n.1 (2007) (by virtue of the appropriations ban, § 925(c) "has been rendered

were, and even if plaintiff's relief application has been "made" and "filed" so as to trigger any "protections" that may once have existed under the statute (a debate in which the Court of Appeals declined to engage, *see Kelerchian*, 2021 U.S. App. LEXIS 20531 at \*7 n. 3), such "making" and "filing" of the application does not create a cause of action under § 925(c). In enacting § 925(c), Congress provided a single, limited cause of action under its terms that arises only once an application has been denied.

Congress provided no cause of action relating to the "protections" it once allowed an applicant while a relief application was "pending." *See, e.g., Sandoval*, 532 U.S. at 290 ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.") (citations omitted). Coupled with the Third Circuit's finding, sitting *en banc*, that it was Congress' "clear" intent, in enacting the appropriations ban, to prohibit felons like plaintiff from obtaining any relief from their federal firearms disabilities "either through ATF or the courts," *Pontarelli*, 285 F. 3d at 230, plaintiff's contention that Congress intended him to have the relief he seeks here is unsupportable. Without any indication that Congress ever intended a private cause of action like the one plaintiff asserts here, and the documented intent of Congress in subsequently

---

inoperative"); *Folajtar v. AG of the United States*, 980 F.3d 897 n.10 (3d Cir. 2020) ("Congress effectively wrote § 925(c) out of the statute books") (citation, internal punctuation omitted); *Pontarelli v. United States Dep't of the Treasury*, 285 F.3d 216, 230 (3d Cir. 2002) (*en banc*) ("[C]ongressional intent to prohibit any Federal relief – either through ATF or the courts – is clear… . [T]he appropriations ban demonstrates that Congress wanted to suspend felons' ability to regain their firearms privileges under § 925(c).").

enacting the appropriations ban, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Sandoval*, 532 U.S. at 287-88 (citations omitted). For the reasons the Court of Appeals has already held, and the additional ones set forth in defendants' motion, plaintiff's claims should be dismissed.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE APA UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff contends he has "cured" the defect in his original APA claim by arguing that ATF has now acted upon the supposed "internal [ATF] policy" he alleges to have caused him harm by "voiding" his license.

Despite many opportunities to do so, plaintiff still has yet to provide any evidence of the supposed (and wholly nonexistent) "internal policy," or that ATF took any action based on it. Plaintiff even concedes that the effects of § 925(b) – by which his license became void when his felony convictions became final, are "automatic," requiring no action by any person, including ATF. *See* Plf.'s Br. at 12. The only policy ATF has regarding relief applications and federal firearms licenses is to follow the law, and that's what ATF did here.

The only actions ATF has taken regarding plaintiff's relief application (mailing the first one back, doing nothing at all to the second, and not recognizing either as sufficient to defeat the clear prohibitions of §§ 922(g) and 925(b)), are those that the unanimous Supreme Court in *Bean* and courts across the country (until the Court of Appeals in its nonpublished, nonprecedential decision on plaintiff's appeal) have found to have been both: (1) mandated by Congress in enacting the

appropriations ban prohibiting ATF from acting upon relief applications; and (2) insufficient to state an APA claim. *See*, *e.g.*, *Bean*, 537 U.S. at 75-76 (noting the appropriations ban has prevented ATF from using funds to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c); "[a]ccordingly, ATF, upon receipt of respondent's petition, returned it;" finding this conduct did not give rise to an APA claim); *Black v. Snow*, 272 F. Supp. 2d 21, 24 (D.D.C. 2003) ("Bound by this [appropriations ban], ATF now simply returns any individual application that it receives with an explanation that it is permitted to do no more;" dismissing case on summary judgment), *aff'd*, 110 Fed. App'x 130 (D.C. Cir. 2004).

Similarly, the only actions ATF has taken relating to plaintiff's license are the same ministerial steps it takes with respect to any federal firearms that either expires by its terms, is not renewed, or becomes void by operation of law. (While plaintiff repeatedly insists that ATF has "threatened" him with litigation, even a cursory examination of plaintiff's supporting materials confirms that ATF has done no more than recite, in preprinted forms, plaintiff's obligations as a now former licensee, and has been careful to ensure plaintiff has a course of action for regaining his privileges as a licensee should he prevail in this action. *See*, *e.g.*, Ex. B to Am. Compl. at 8 of 145 [printed form] and 6 of 145 [Aug. 27, 2020 email from counsel]); *see also* Ex. K at page 145 of 145 [printed form] and 140-41 of 145 [June 15, 2020 email from counsel).

Even if ATF's actions (and inactions) relating to plaintiff's relief application or his license could be seen as "final agency action" reviewable under the APA, none are arbitrary or capricious so as to state an APA claim upon which relief may be granted. Every one of ATF's actions has been found by courts to be consistent with Congress's directives and plainly stated intent in enacting the appropriations ban and are similarly required by those provisions of the Gun Control Act that remain in force. (For example, requiring ATF to giving legal effect to plaintiff's relief application would effectively require ATF to disregard such mandates of the Gun Control Act as 18 U.S.C. §§ 922(g)(1), 923(d)(1)(B) and (C), and 925(b) – all of which strip Kelerchian of his firearms privileges and all of which – unlike § 925(c) following the appropriations ban – carry the full force of law). While the Court of Appeals in this matter disagreed with ATF's interpretation of the appropriations ban and its consequences, in view of the published and precedential decisional law ATF relied on, ATF's conduct cannot be found to be "arbitrary or capricious" so as to state an APA claim.

### III.  PLAINTIFF STATES NO DUE PROCESS CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In his opposition to defendants' motion, plaintiff does not even attempt to distinguish the direct and dispositive authority confirming his due process claim is without merit. Instead, plaintiff asks the Court to rely on 18 U.S.C. § 923(f)(2) – a provision of the Gun Control Act that is inapplicable here.

By its terms, § 923(f)(2) applies only when ATF denies an application for a license or revokes an existing license based on its own review and findings. Here,

ATF took no such action. Nor did it have to. Plaintiff's license became void "automatically" (Plf.'s Br. at 12) by operation of law based on the findings of a criminal court and jury. 18 U.S.C. §§ 925(b); 922(g)(1). Plaintiff offers no authority to the contrary.

## IV. PLAINTIFF STATES NO FIRST AMENDMENT CLAIM UPON WHICH RELIEF MAY BE GRANTED.

As plaintiff apparently fails to recognize, no one is preventing him from petitioning ATF or the courts for the relief he seeks. ATF has acknowledged this pending action and worked with plaintiff to ensure he has a path forward relating to his license if he prevails on his claims here. *See* Am. Compl. at Exs. B and K. No one is prohibiting plaintiff from seeking a pardon or expungement, which could provide him similar relief. While the Court of Appeals determined plaintiff failed to state a claim upon which relief may be granted, it allowed him one more chance to try to do so, and his claims, once again, are being fully vetted here. In response to the leave the Court of Appeals afforded him, plaintiff has done nothing but retread old ground, and suddenly allege the appropriations ban is "unconstitutional." Plf.'s Br. at 23. He cites no court to have so found, and all applicable law is to the contrary. Plaintiff provides no factual or legal basis upon which relief may be granted on his first amendment claim.

## V. THE RULE OF LENIETY PROVIDES PLAINTIFF NO RELIEF.

As he did on appeal, Plaintiff attempts to seek refuge in the "rule of lenity," which applies only when, after consulting traditional canons of statutory construction, the Court still finds a criminal statute to be ambiguous. *See*, *e.g.*,

*United States v. Shabani*, 513 U.S. 10, 17 (1994). Plaintiff provides no support for his contention that the rule applies in civil actions in the first instance. More importantly, the Court of Appeals rejected plaintiff's argument, finding that § 925(c) unambiguously provided plaintiff no cause of action. *Kelerchian*, 2021 U.S. App. LEXIS 20531 at *10, *Compare* Plf.'s Br. on Appeal, Doc. 13, at 14, 22-25.

Further, as the Court of Appeals did not address in plaintiff's appeal but as the Supreme Court and the Third Circuit – in unanimous opinions – have held (and courts across the country have agreed), § 925(c) is no longer law. "Congressional intent to prohibit any Federal relief [under § 925(c)] – either through ATF or the courts – is clear[]." *Pontarelli*, 285 F.3d at 230. *See also, e.g., Logan*, 552 U.S. at 28 n.1 (2007) (confirming § 925(c) "has been rendered inoperative"); *Mullis v. United States*, 230 F.3d 215, 218, (6th Cir. 2000) ("[T]hrough its appropriations measures, Congress intended to suspend all relief available through the ATF," and "suspend[ed] the operation of § 925(c) in its entirety"); *Beers v. United States*, 927 F.3d 150, 156 n. 38 (3d Cir. 2019) ("Congress effectively wrote § 925(c) out of the statute books"); *Franklin v. Lynch*, No. 3:16-cv-36, 2016 U.S. Dist. LEXIS 160759, at *4-5 n.2 (W.D. Pa. Nov. 18, 2016) ("§ 925(c) does not provide an actual avenue of relief"). There is no ambiguity: § 925(c) provides plaintiff no cause of action or basis for relief.

## VI. CONCLUSION

Noticeably lacking from plaintiff's opposition is authority supporting any of his claims – from his assertion that § 925(c) provides him any private cause of

action, to the interplay between §§ 925(b) and (c) following the appropriations ban, to his allegation of some "internal policy" at ATF, to his unfounded contention that ATF (and not the plain terms of the Gun Control Act) has "voided" his license. Perhaps recognizing this void, plaintiff asks the Court for yet another chance to amend his complaint but offers no hint as to how he might still somehow state a claim upon which relief could be granted. As plaintiff has had ample time and opportunity to state a cause of action, but failed to do so, and given the state of the law on which plaintiff attempts to rely, further amending his complaint would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3rd Cir. 2000). As plaintiff fails to state a claim upon which relief may be granted, the Court must dismiss his amended complaint with prejudice.

Respectfully submitted,

Dated: March 23, 2022

JENNIFER ARBITTIER WILLIAMS
United States Attorney

*/s/ Susan R. Becker for GBD*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Lauren DeBruicker*
LAUREN DeBRUICKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: 215.861.8492
Lauren.DeBruicker@usdoj.gov

Of Counsel:

Jeffrey A. Cohen
ATF Associate Chief Counsel

John Kevin White
ATF Division Counsel
601 Walnut Street, Suite 1000E
Philadelphia, PA 19106

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2022, I served a true and correct copy of the foregoing Reply in Support of Defendants' Motion to Dismiss the Amended Complaint via ECF on the following counsel of record:

Joshua Prince, Esq.
Dillon Harris, Esq.
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505

*Attorneys for Plaintiff*

/s/Lauren DeBruicker
LAUREN DeBRUICKER
Assistant United States Attorney